IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WARREN PASCHAL, JR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Case No. 4:24-cv-23-CDL-MSH |
| | : | |
| AUGUSTA STATE MEDICAL PRISON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

On February 14, 2024, Plaintiff Warren Paschal, Jr., filed a *pro se* Complaint (ECF Nos. 1, 1-2).[1] However, Plaintiff failed to pay the filing fee or submit a motion to proceed without payment of the filing fees. Before this action can continue, Plaintiff must either pay the required $405.00 filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP"). Plaintiff must comply with this directive within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk is **DIRECTED** to forward all required forms to Plaintiff along with a copy of this Order.

Further, while this Court must liberally construe Plaintiff's *pro se* Complaint, *pro se* litigants are still required to conform to the procedural rules. *See Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (per curiam) (citation omitted). One of these

---

[1] Plaintiff's initial Complaint was unsigned. Compl., ECF No. 1. However, in response to the Clerk of Court's notice of deficiency, he submitted a signed Complaint. Notice of Deficiency, Feb. 14, 2024; Signed Compl., ECF No. 1-2. When the Court refers to Plaintiff's Complaint, it refers to the signed Complaint that is docketed at ECF No. 1-2.

rules is that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  The Court concludes that Plaintiff's Complaint fails to comply with this requirement.  Plaintiff's filing states only that he was paroled from prison on May 23, 2018, he had $2,500.00 of personal property that was either lost or stolen, and he sues the Warden for a total of $50,000.00.  Signed Compl. 1.  It appears Plaintiff may be seeking to assert a claim for a violation of his constitutional rights under 42 U.S.C. § 1983.

      However, Plaintiff's Complaint regarding the loss of his property fails to state a claim under § 1983.  "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).  As to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." *Cryder*, 24 F.3d at 177.  As to the second element of a procedural due process claim, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.*; *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009).  "Georgia provides a civil cause of action for the wrongful conversion of personal property[,]" and the United States Court of Appeals for the Eleventh Circuit has "held that

2

this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (first citing O.C.G.A. § 51-10-1; and then citing *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)).  Because Georgia law provides an adequate post-deprivation remedy through O.C.G.A. § 51-10-1, Plaintiff fails to state a § 1983 claim for the loss of his personal property.  *See McLaughlin*, 569 F. App'x at 658 (concluding that the district court did not err in dismissing the plaintiff's procedural due process claim regarding prisoner's stolen packages); *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (upholding district court's dismissal of prisoner's claim that correctional officers were illegally confiscating the prisoner's personal property).

Moreover, the statute of limitations for a § 1983 action is the forum state's statute of limitations for personal injury, and for Georgia, that is two years.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam).  The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).  Therefore, Plaintiff's claims from his release from incarceration in 2018, as he presently presents them, are likely barred by the two-year statute of limitations.  Plaintiff must, therefore, be mindful that if he moves—and is granted leave to proceed IFP—his claims may be subject to dismissal as frivolous if they are barred by the statute of limitations.  *See Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir.1990) (citing in-part *Franklin v. State of Ore.*, 563 F. Supp. 1324, 1330, 1332 (D. Ore. 1983)) (affirmative defenses, such as a statute

of limitations defense, apparent on the face of the complaint, justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877-78 (11th Cir. 2008) (per curiam) (claims filed after the expiration of the statute of limitations are time-barred).

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects in his Complaint.[2] *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Thus, if Plaintiff wishes to proceed with this case, he must—along with either paying the full $405.00 filing fee or filing a motion to proceed IFP—recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form, if that is the type of claim he wishes to assert. Plaintiff should be mindful of the Court's analysis and findings as to his current Complaint when deciding whether he wishes to file a § 1983 claim or whether he wishes to proceed on another basis. However, Plaintiff is advised the federal district courts are courts of limited jurisdiction. The federal district courts do not— and cannot—hear every conceivable claim a plaintiff may wish to assert. It is up to Plaintiff to decide how he wishes to proceed, and it is not this Court's roll to advise him on the best course of action.

With those considerations in mind, the recast complaint must contain a caption that clearly identifies by name each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must

---

[2] The Court notes that the apparent running of the statute of limitations may make this an exercise in futility. *See Salas*, 297 F. App'x at 878-79 (upholding the district court's denial of leave to amend a complaint that was barred by the statute of limitations on its face).

provide enough facts to plausibly identify each Defendant and demonstrate that each Defendant's actions or omissions resulted in the violation of his constitutional rights. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each Defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[3]

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions? If you have been physically injured, explain the extent of your injuries and any

---

[3] It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g.*, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process[,]" because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

>medical care requested or provided.

(5)    What legally permissible relief do you seek from this Defendant?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended or recast complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's recast complaint will take the place of his original Complaint. In other words, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in his earlier filing. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for . . . failure to obey a court order.") (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (quoting Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same

transaction, occurrence, or series of transactions or occurrences"); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (per curiam) ("[T]he district court did not abuse its discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with . . . Rule 20(a)").

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

The Court **ADVISES** Plaintiff that that it may dismiss his action without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order."). Rule 11(b) of the Federal Rules of Civil Procedure also prohibits the filing of "a pleading, written motion, or other paper . . . for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). If an attorney or unrepresented party violates this rule, the Court may order sanctions on its own initiative, including "reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

## CONCLUSION

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) either pay the required filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis* in this action and (2) file his recast complaint with the Clerk of Court as described above. **Failure to fully and timely comply with this Order will result in the dismissal of this Complaint.** Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address.

The **CLERK** is **DIRECTED** to forward to Plaintiff a blank § 1983 complaint form and a non-prisoner motion to proceed *in forma pauperis*, along with his service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED**, this 22nd day of March, 2024.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE