# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| WARREN PASCHAL, JR, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:24-cv-00023-CDL-MSH |
| AUGUSTA STATE MEDICAL PRISON, | : | |
| Defendant. | : | |

## ORDER AND RECOMMENDATION OF DISMISSAL

Pending before the Court are Plaintiff Warren Paschal, Jr.'s *pro se* recast complaint and his motion to proceed *in forma pauperis* ("IFP") (ECF Nos. 5, 6).[1] For the reasons stated below, the Court grants Plaintiff's motion to proceed IFP but recommends his complaint be dismissed.

## I. Motion for Leave to Proceed IFP

Under 28 U.S.C. § 1915, a court may authorize a person who is unable to pay court fees to proceed in his action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff has established that he is unable to pay the filing fee. Therefore, his motion to proceed IFP (ECF No. 6) is **GRANTED**.

---

[1] Plaintiff's recast complaint is untimely. Order to Recast, ECF No. 3. The Court notes the recent delays in the U.S. Postal Service's processing of mail. *See* WTVM, Mail Problems Cause[] Issues for Residents and Business Owners in Columbus, Apr. 10, 2024, https://www.wtvm.com/2024/04/11/mail-problems-causes-issues-residents-business-owners-columbus/ (last accessed Apr. 22, 2024). Accordingly, the Court **ACCEPTS** Plaintiff's untimely recast complaint.

**II.     Frivolity Review**

Under 28 U.S.C. § 1915(e)(2), once a court grants a plaintiff's motion for leave to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)).

Further, where "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the statute of limitations, the claims are properly dismissed pursuant to § 1915 as frivolous." *Fish v. Geico Ins.*, 606 F. App'x 576, 576 (11th Cir. 2015) (per curiam) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)). In Georgia, the proper limitations period for a § 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Bricker v. Cobb Cnty. Gov't & Pers.*, 399 F. App'x 463, 464 (11th Cir. 2010) (per curiam) (first citing O.C.G.A. § 9-3-33; and then citing *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir.

2

2006)). While state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him. *Id.* at 562. However, a "'statute of limitations bar is an affirmative defense,' and a plaintiff is 'not required to negate an affirmative defense in [his] complaint.'" *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (per curiam) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Thus, "dismissal on statute-of-limitations grounds is proper only where it is 'apparent from the face of the complaint that the claim is time-barred.'" *Id.* (first quoting *La Grasta*, 358 F.3d at 845; and then citing *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020)).

In his recast complaint, Plaintiff alleges that he was thrown to the floor of an elevator by an undisclosed officer in March 2014. Recast Compl. 3, ECF No. 5. The Court received his recast complaint on April 19, 2024, even though he signed it on March 27, 2024. *Id.* at 4. Either date, however, is approximately eight years beyond the two-year statute of limitations in Georgia. Further, Plaintiff makes no argument or allegation that the statute of limitations should be tolled. As a result, it is apparent from the face of Plaintiff's complaint that his § 1983 claim is time-barred. Accordingly, the Court recommends Plaintiff's complaint be dismissed pursuant to § 1915 as frivolous.[2]

---

[2] In his initial complaint, Plaintiff alleged a loss of personal property when he was paroled from prison. Compl. 1, ECF No. 1. In its Order to Recast, the Court warned Plaintiff that Georgia's

**CONCLUSION**

For the foregoing reasons, the Court recommends that Plaintiff's recast complaint (ECF No. 5) be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than **TWENTY (20) PAGES** in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 24th day of April, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

statute of limitations was two years. Order to Recast 3, ECF No. 3. It also advised him that his loss of personal property claims—which he alleged occurred in 2018—could be subject to dismissal as frivolous if he was granted leave to proceed IFP. *Id.* (citing *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990)). Because Plaintiff's prior claims were likely subject to dismissal based on the running of the statute of limitations, Plaintiff was afforded one opportunity to remedy the defects in his initial complaint. *Id.* at 4.